UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

REBECCA BOYCE, ET AL               CIVIL ACTION NO. 18-cv-0157

VERSUS                             JUDGE ROBERT G. JAMES

CUSA, LLC, ET AL                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiffs filed suit in state court for personal injuries after Rebecca Boyce allegedly suffered injuries to her left big toe, right wrist, and left hip when she tripped and fell on the deck of a swimming pool at a hotel in Shreveport. Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth facts to show that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. Defendants will need to file an amended notice of removal to ensure that they have met that burden.

Defendants properly allege the citizenship of the individual and corporate parties, but there is a remaining question with respect to CUSA, LLC. Defendants acknowledge that the citizenship of an LLC is determined by the citizenship of its members. The members are alleged to be "The Charles and Deborah Taylor Living Trust, formed by spouses Charles Taylor and Deborah Cannon, both of whom are domiciled in Georgia, and Melissa Mancini, who also is domiciled in Georgia."

The citizenship of a traditional trust is determined by the trustee's citizenship. Bynane v. Bank of New York Mellon for CWMBS, 866 F.3d 351, 358-59 (5th Cir. 2017); Lake Bistineau Royalty Co., LLC v. Chesapeake Louisiana, LP, 2015 WL 6114476 (W.D. La. 2015). The notice of removal does not identify the trustee of the trust or allege the citizenship of the trustee. Accordingly, the amended notice of removal will need to set forth that information.

With respect to the amount in controversy, Defendants contend that it is facially apparent from the petition that the element is satisfied. Defendants have not provided any additional information such as the amount of any settlement demands, the amount of medical bills, the type or duration of medical care, or other facts that would help meet their burden. Defendants point to the Plaintiffs' demand for damages in various categories, but this court has noted that such boilerplate lists do not necessarily meet a removing party's burden. Wilson v. Hochheim Prairie Cas. Ins. Co., 2014 WL 508520 (W.D. La. 2014).

Defendants also point out that Plaintiffs have not taken advantage of the Louisiana procedural law that allows them to allege that the amount in controversy is less than the federal trigger amount. Most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry. Davis v. LeBlanc, 2017 WL 4399275, *2 (W.D. La. 2017) (collecting cases).

Finally, the presence of claims for loss of consortium by family members may not be aggregated with the claim of Ms. Boyce to meet the amount in controversy. If the claim of a single plaintiff meets the amount in controversy, the other claimants may tag along by

virtue of supplemental jurisdiction, but at least one claim must, alone, exceed $75,000. Contario v. Ball, 2017 WL 3015812, *2 (W.D. La. 2017).

Defendants will be allowed until **February 28, 2018** to file an amended notice of removal and make their best effort to satisfy their burden of establishing a basis for the exercise of diversity jurisdiction. The court will review the record after that date and determine whether the case may proceed in federal court or must be remanded to state court.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of February, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge