# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **REBECCA BOYCE, ET AL.** | **CIVIL ACTION NO. 5:18-CV-00157** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CUSA, LLC, ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

## RULING

Pending before the Court is a Motion for Summary Judgment filed by Plaintiffs Rebecca Boyce and Bao HO ("Plaintiffs") [Doc. No. 38] on the issue of liability. Defendants CUSA, LLC d/b/a Baymont Inn and Suites, Liberty Surplus Insurance Corporation and Citizens Bank ("Defendants"), have filed an opposition [Doc. No. 46]. Plaintiffs have filed a reply to the opposition [Doc. No. 47]. The matter is fully briefed and the Court is prepared to rule.

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises from a slip and fall accident. Plaintiffs contend that Rebecca Boyce suffered injuries to her left big toe, right wrist, and left hip on June 16, 2017, when she tripped and fell on a piece of rebar protruding from the cement deck area of a swimming pool at a Baymont Inn and Suites Hotel ("the Hotel") located in Shreveport, Louisiana.

On December 18, 2017, Plaintiffs filed suit against Defendants in the First Judicial District Court for the Parish of Caddo, State of Louisiana. Defendants removed the lawsuit to this Court on February 7, 2018.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Premises Liability

Plaintiffs brought suit under Louisiana Civil Code articles 2317 and 2371.1. They contend that they are entitled to summary judgment because Defendants failed to exercise reasonable care to discover and remedy the tripping hazard. Defendants respond, first, that the rebar presented an open and obvious condition which precludes a finding of liability, and second, that liability cannot be determined at this stage because Plaintiff Rebecca Boyce bears some comparative fault.

#### 1. Open and Obvious Condition

Plaintiffs assert that it is undisputed that the rebar protruding from the pool deck was

present when Citizens Bank acquired the hotel in November 2015 and engaged CUSA, LLC to manage the property; that the rebar as depicted in the photographs was discoverable upon simple inspection; that Defendants had the obligation to inspect both in law and fact as set forth in Defendants' policies; that the rebar presented a hazard; that Rebecca Boyce was injured by this hazard; and that the hazard could have been eliminated by exercising reasonable care as the rebar was cut flush with the pool deck after the accident that day, thereby negating the hazard. Thus, Plaintiffs conclude they are entitled to summary judgment on the issue of liability.

Defendants, on the other hand, argue that the rebar itself constituted an open and obvious condition, which should lead to a finding that they are not liable for the injuries sustained by the Plaintiffs.

Louisiana Civil Code articles 2317 and 2317.1 apply to cases involving premises liability.

Article 2317 provides:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

Modifying article 2317, article 2317.1 states as follows:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

In a premises liability action brought against a building owner or custodian, the plaintiff has the burden of proving, in addition to all other elements of her claim, the following: (I) the property presented an unreasonable risk of harm; (2) the defendant knew or should have known of the vice or defect; and (3) the damage could have been prevented by the exercise of reasonable

3

care and the defendant failed to exercise such reasonable care. *Breaux v. Fresh Start Props., L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So. 3d 849, 852.

In order to show that a complained-of condition is unreasonably dangerous, the plaintiff must also present factual support that the condition presented an unreasonable risk of harm. *Morel v. Cheema Properties, LLC, et al,* 16-666 (La. App. 5 Cir. 4/12/17); 216 So.3d 383, 386, citing La. C.C. art. 2317.1. A court will then perform a risk-utility analysis to determine whether a thing may be considered "unreasonably dangerous." *Id.* The Louisiana Supreme Court notes the following areas of inquiry in applying this balancing test:

> (I) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, *including the obviousness and apparentness of the condition*; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. [emphasis added].

*Id.; Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14); 171 So.3d 851, 856, *citing Broussard v. State ex rel. Office of State Buildings*, 12-1238 (La.4/5/13), 113 So.3d 175, 184.

As now Chief Judge Hicks has analyzed in a prior premises liability matter:

> The first issue to be determined by this Court is whether the wet floor or parking lot presented an unreasonable risk of harm that was reasonably foreseeable. If a condition is open and obvious, it is not unreasonably dangerous, and the defendant has no duty to warn or protect against it. *Durman v. Billings*, 873 So.2d 872 (La. App. 2 Cir. 3/12/04); *Hayes v. Entergy Corp.*, 850 So.2d 916 (La. App. 2 Cir. 6/25/03). Applying Louisiana law, courts have generally held that the simple fact that an accident occurred as a result of an alleged defect does not in and of itself "elevate the condition of the thing to that of an unreasonably dangerous condition." *Id.* at 877.
> If the "risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." *Id.*

*Jennings v. Ryan's Family Steak Houses, East. Inc.*, 2005 WL 2180487, at *2 (W.D. La. September 9, 2005); See also, *Peters v. Jazz Casino Company, LLC*, 712 Fed.App'x. 415,416 (5th Cir. 2018).

4

The Louisiana Supreme Court has noted:

> If the complained-of condition should be obvious to all, then it may not be unreasonably dangerous. [citations omitted] Thus, in order to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition. See, e.g., *Pitre* [*v. Louisiana Tech. Univ.*, 95-1466 (La. 5/10/96), 673 So.2d 585], at 591-92 (light poles in the area where college students were sledding were visible to everyone and thus open and obvious); *Oster v. Dep't of Transp. & Dev., State of La.*, 582 So.2d 1385, 1288 (La. 1991) (ditch on shoulder of road readily discernable for a considerable distance and thus not unreasonably dangerous).

*Broussard*, 113 So.3d at 188.

Defendants argue that in the case at hand, Plaintiff Rebecca Boyce either saw or should have seen the rebar in question prior to her fall. Although she maintains that she was not aware of the presence of the rebar on the pool deck and that the rebar presented an unreasonable risk of harm, Defendants assert that the photographs she herself took on the day of the accident show the rebar on the pool landing, and that the rebar contrasts with the surrounding cement. Additionally, she positively described the rebar in her deposition and noted that it was not covered or hidden from sight. Thus, they contend that the rebar was open and obvious, and Plaintiffs have not carried their burden of showing the rebar presented an unreasonable risk of harm.

The Court finds that there are genuine issues of material fact as to whether the rebar was open and obvious. Therefore, summary judgment in favor of Plaintiffs must be denied.

### 2. Comparative Fault

Additionally, assuming arguendo that the rebar was not outrightly open and obvious, Defendants contend that Plaintiffs would still not be entitled to summary judgment. Partial summary judgment cannot "be granted for purposes of determining a particular element of liability where such determination is not completely dispositive of the question of liability between the

parties concerning that claim, and, other issues such as comparative fault remain unresolved." *Tye v. Co-Mar Offshore Operators, Inc.*, 95-0094 (La. App. 1 Cir. 10/6/95), 669 So.2d 438, 440, *rehearing denied, writ denied* 674 So.2d 975 (La. 6/7/96).

Defendants argue that Plaintiff Rebecca Boyce's deposition testimony and the photographs she took of the exposed rebar shows the rebar was open and obvious, but even if a determination was made that it was not open and obvious, then there must at least be a determination as to whether Rebecca Boyce's own negligence contributed to her injury. They assert that her failure to simply watch where she was going entitles them to have a trier of fact allocate a certain percentage of fault to her.

The Court agrees with Defendants that summary judgment cannot be granted at this time because an assessment of Plaintiffs' potential fault is a determination that must be made by the trier of fact.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment [Doc. No. 38] is DENIED.

MONROE, LOUISIANA, this 12th day of February, 2019.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**